*Twenty-first Judicial District.*

𝕴𝖓 𝖙𝖍𝖊 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕮𝖔𝖒𝖒𝖔𝖓 𝕻𝖑𝖊𝖆𝖘 𝖔𝖋 𝕾𝖈𝖍𝖚𝖞𝖑𝖐𝖎𝖑𝖑 𝕮𝖔𝖚𝖓𝖙𝖞.

---

*In re* CONTESTED ELECTION CASE OF MAHANOY.

Under the law for contesting the election of school directors, a petition may be entertained contesting the right of more than one person whose election to that office is claimed to be illegal; especially where the single ground of contest is the alleged illegal character of the tickets voted for those who received certificates of election

Motion to quash the petition.

Opinion by

PERSHING, P. J.    We overrule the motion to quash the petition in this case.   The only reason assigned, in support of the motion which causes doubt as to the correctness of this ruling, is the second one, which is in these words :  '' That the petition contests the election of four several persons in one petition.''   The office in dispute is that of school director, and the ground of contest is the same in each instance.   It is not charged that any one who voted was disqualified, or that any irregularity existed in the conduct of the election, whilst the voting was going on.   Vacancies were to be filled in the board of directors, in addition to the persons to be elected for the regular term of three years.   The petition alleges that no one of the four candidates who received certificates of election, had designated on the tickets, voted for them respectively, the term of office for which each was a candidate.   The election officers could not, therefore, distinguish who were voted for to fill the regular term from those who were voted for to fill vacancies.   If the statements of the petition are true, all the voters did not neglect to designate on their tickets the term of office for which each person voted for was a candidate.   Purd. Dig. 240, pl. 27.   Four persons, to whom certificates were. refused, claim that their tickets were the only legal ballots cast, because they had the term of office designated upon them, and this furnishes the sole ground of contest.   In a contest for this office the power of the court is limited to the confirmation of the election already held, or to the ordering of a new election.   In turning the one party out, we do not turn the other party in.   Who shall constitute the board of directors must be settled by the people of the district.   For these reasons, we think this petition, although contesting the election of four several persons, may be entertained, especially as the controversy involves but the single question of the legality of the ballots cast.   There is no statute forbidding such a petition, whilst there is some analogy to this proceeding in our statute of *quo warranto,* where ''the several rights of different persons may be properly determined by one writ.''   The office of school director is one of too much

importance to be held by parties whose election is not clear under the law. Whatever doubt we have upon the point indicated, we throw in favor of what we regard as the speediest way of deciding this contest.

Appended to the motion to quash, the defendant has filed a motion to strike out all the specifications of the petition. It seems to us somewhat inconsistent, at one and the same time to move to quash the petition and to strike out particular parts of it. We overrule both the motions, and require the defendants to answer the petition in ten days from this date.

*John Nash* and *M. M. L' Velle*, Esqrs., for petitioners ; Hon. *James Ryon*, for defendant.